## In re Anonymous No. 25 D.B. 76

Disciplinary Board Docket no. 25 D.B. 76.

HENRY, *Board Member,* June 1, 1977—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

Respondent is charged with failure to bring to the attention of other counsel or the court the improper conduct of a juror in a case in which he was attorney for plaintiff. The alleged misconduct involved the prospective juror's misstatement of his occupation and his failure to reveal that he was acquainted with respondent and respondent's client. The petition charged that [respondent's] conduct violated Disciplinary Rules 1-102(A)(3) (illegal conduct involving moral turpitude); 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(5) (conduct prejudicial to the administration of justice); 1-102(A)(6) (conduct adversely reflecting upon fitness to practice law);

7-102(A)(3) (concealing or knowingly failing to disclose that which one is required by law to reveal); and, 7-108(G) (revealing promptly to the court improper conduct by a venireman or a juror of which one has knowledge).

The matter was referred to hearing committee [  ] consisting of [  ], Esq., Chairman, [  ], Esq., and [  ], Esq. A hearing was scheduled for September 27, 1976, solely for the purpose of considering the various motions made by respondent and other preliminary matters. On September 25, 1976, [respondent] filed a petition for review with your honorable court. The hearing committee convened on September 27, 1976, at which time respondent was present but was not represented by counsel. The hearing committee ruled that the petition for review did not stay the instant proceedings and disposed of the various preliminary questions raised by [respondent]. Subsequently, a hearing on the merits was held on November 22, 1976, at which time respondent was represented by [  ], Esq. On November 24, 1976, your honorable court entered an order denying the petition for review. The hearing committee filed its report on March 29, 1977, recommending public censure. No exceptions were filed to the report and the matter was referred to this board for review and recommendation.

## II. DISCUSSION

The board and your honorable court are benefited in this particular proceeding by an extremely well reasoned and presented report of the hearing committee. The report very patiently deals with the numerous preliminary matters asserted by respondent which it variously characterized as

"formally inappropriate," "patently absurd," "serious charges, recklessly made, and reprehensibly scandalous if not based on fact," and "spurious." It also considered the more substantial questions raised by respondent's counsel at the hearing on the merits. The board concurs in all of the conclusions of the hearing committee in this regard for the reasons stated in its report with the exception of its ruling requiring the revealing of the name of the reviewing hearing committee member as to which no opinion is expressed by this board. (But see proposed Disciplinary Board Rule 93.103 providing for confidentiality of this information.)

The findings of fact by the hearing committee are supported by the evidence and are adopted by this board as its own. The testimony established that respondent had called the juror in question, [A], as a witness in a trial in 1971 and that he testified for more than one day. It also established that [respondent] filed a writ of summons in a trespass case on behalf of [A] and his wife less than three months before the incident in question. There can be no doubt that respondent was aware that the juror concealed his acquaintance with him and had given a misleading answer to the question relating to his occupation. However, there was no evidence that [A's] improper conduct was solicited by respondent. He appeared on the panel by chance and [respondent's] sole misconduct was the fact that he remained silent when he had a duty to speak.

When the circumstances of the case were brought to the attention of the trial judge by an independent party after one and one-half days of trial, a mistrial was declared. Subsequently, [A] plead guilty to false swearing and obstructing the administration of law. All of this might have been

prevented by respondent. It is evident that [respondent] is aware of the importance of the impartiality of the finders of fact in a legal proceeding. This was manifested by the multitude of preliminary motions made by him challenging the members of the hearing committee individually and collectively as well as the former chairman of this board for prejudice in this case on the remotest of associations imaginable. It is unfortunate that he did not display the same sensitivity as attorney for plaintiff in the [B] case as he did as a respondent representing himself in this disciplinary proceeding.

The hearing committee observed in its report,

"For a lawyer to stand silently by at a voir dire, the purpose of which is to obtain an impartial jury, and knowingly allow that process to be corrupted, is reprehensible. It is not merely a kind of deceitful gamesmanship played upon one's opponent; it is silent acquiescence in the prostitution of justice."

In addition, it should be noted that respondent permitted his client, [A], to commit a criminal offense when it was within his power to correct the situation so that no harm would have resulted and probably no charges filed.

The hearing committee found that respondent's conduct violated Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(5) (conduct prejudicial to the administration of justice); and, 7-108(G) (revealing promptly to the court improper conduct by a venireman or a juror of which the lawyer has knowledge). It also concluded that the evidence did not sustain the charges in the petition relating to Disciplinary Rules 1-102(A)(3) (illegal conduct in-

volving moral turpitude); 1-102(A)(6) (other conduct adversely reflecting upon fitness to practice law); and, 7-102(A)(3) (concealing or knowingly failing to disclose that which he is required by law to reveal). This board concurs in these conclusions.

Respondent's conduct brings disgrace to his profession and undermines public confidence in the judicial system. Only public discipline will partially negate the harm that has been done. Therefore, this board joins in the hearing committee's conclusion that [respondent], Esq., should receive public censure from your honorable court.

## III. RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that [respondent], [   ] Esq., be publicly censured pursuant to Rule 204(3) of the Pennsylvania Rules of Disciplinary Enforcement.

## ORDER

EAGEN, *C.J.,*—And now, June 20, 1977, the report and recommendations of the Disciplinary Board dated June 1, 1977, are approved; and it is ordered and decreed, that the said [respondent] [   ] Esq., be subjected to public censure by the Supreme Court, as provided in Rule 204(3) of the Rules of Disciplinary Enforcement, at the session of this court commencing September 26, 1977, at Pittsburgh.